UNITED STATES COURT OF APPEALS
**Filed 7/18/96**
FOR THE TENTH CIRCUIT

THOMAS HALLER,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

No. 95-5223
(D.C. No. 94-C-18-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Thomas Haller appeals from the district court's order affirming the denial of his application for social security disability benefits by the Secretary of Health and Human Services (Secretary). After his claim was denied administratively, a hearing was held before an administrative law judge (ALJ) who denied benefits at step four of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988)(discussing five steps). The ALJ concluded that claimant could perform his past work as president of a real estate sales company, computer consultant, and executive vice-president of a television corporation. The Appeals Council denied review. The district court upheld the Secretary's decision, and claimant now appeals to this court.

The parties agree that claimant met the earnings requirements of the Social Security Act (Act), 42 U.S.C. §§ 401-433, only through December 31, 1988. Therefore, in order to receive benefits, claimant must establish his disability prior to that date. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993). On appeal, claimant contends that the ALJ

improperly evaluated his allegations of pain, and disregarded the evidence that his pain medication impaired his mental functioning.

We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)(further quotation omitted)). We do not reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992).

Claimant first challenges the ALJ's conclusion that his testimony that he was disabled by pain was not credible. Because claimant produced medical evidence to establish that he suffered from a pain-producing impairment, the ALJ was required to evaluate his subjective complaints of disabling pain, and to "decide whether he believe[d them]." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted). In evaluating claimant's pain, an ALJ should consider factors such as

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the

-3-

ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Id. (quotations omitted).

Here, the ALJ properly considered those factors, recognizing that claimant produced no medical records from October 1, 1983, the date he alleges onset of disability, to November 1988. In November 1988, he declined further medical evaluation and treatment that was recommended by his physician. Further, although prescription pain medications were prescribed for claimant during the period between 1983 and late 1988, he declined to take them. Cf. Decker v. Chater, No. 95-3259, 1996 WL 333119, at *2 (10th Cir. Apr. 15, 1996)("The failure to follow prescribed treatment is a legitimate consideration in evaluating the validity of an alleged impairment."). The ALJ also noted that claimant read for several hours each day and had engaged in an active social life.

The ALJ evaluated claimant's credibility as fair to poor. Claimant argues that the ALJ's credibility determination is flawed because he failed to explain how claimant's testimony was inconsistent with the medical evidence. To the contrary, as noted above, the ALJ considered various factors to determine that claimant's allegations of disabling pain were not fully credible. The ALJ's credibility determination is afforded considerable deference. Gay v. Sullivan, 986

-4-

F.2d 1336, 1339 (10th Cir. 1993). Accordingly, we conclude that substantial evidence supports the ALJ's findings on claimant's credibility.

Claimant also argues that the ALJ improperly disregarded the evidence that he was unable to work because of the side effects of his pain medication. The record reflects that claimant took no pain medication until November 1988. Claimant stated that the side effects included nausea and confusion, but his treating physician did not indicate that claimant complained of side effects. Furthermore, there was no evidence on whether the side effects could be alleviated by changing the medication or adjusting its dosage.

The ALJ did disregard the medical expert's testimony that claimant's mental functioning was adversely affected by medication. The medical expert's opinion, however, was based on claimant's own statement of the type and amount of pain medication he needed in 1988. Therefore, the ALJ properly disregarded the medical expert's opinion because it was based solely on claimant's testimony which the ALJ determined lacked credibility.

We have carefully reviewed the record and we have considered claimant's arguments in light of the record. We conclude that substantial evidence supports the Secretary's decision to deny claimant's application for disability benefits.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge