UNITED STATES COURT OF APPEALS
**Filed 8/29/96**
FOR THE TENTH CIRCUIT

LARRY E. SMITH,

  Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

  Defendant-Appellee.

No. 95-7170
(D.C. No. CV-94-597-B)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before TACHA, ALDISERT,[***] and BALDOCK, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Larry E. Smith appeals from an order of the district court affirming the Secretary's decision denying him Social Security disability benefits. Plaintiff filed an initial application for supplemental security income and disability insurance benefits on January 5, 1990, alleging a disability onset date of September 24, 1989. That application was denied, and plaintiff did not appeal from the denial.

Plaintiff filed a second application on January 23, 1992, alleging disability due to shoulder pain, back pain and knee problems. He again alleged an onset date of September 1989. His request for disability benefits was denied initially and on reconsideration. Following a de novo hearing on February 16, 1994, an administrative law judge (ALJ) determined that plaintiff was not disabled within the meaning of the Social Security Act, and denied disability benefits.

The ALJ first found that no just cause existed to reopen the former application for benefits. Therefore, plaintiff was barred from claiming a

disability before December 29, 1990, the day after he previously was denied benefits. After considering all the medical evidence, the subjective evidence and the vocational expert testimony, the ALJ found that with plaintiff's impairments, he was unable to perform his past work as a terrazzo floor polisher, but he retained the residual functional capacity to perform a significant number of jobs available in the national economy, including arcade attendant, parking lot attendant, security guard, food preparation, and hand packager. Accordingly, the ALJ concluded plaintiff is not disabled and denied benefits at step five of the controlling sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(detailing five-step analysis set out in 20 C.F.R. §§ 404.1520, 416.920). After the Appeals Council denied review, making the ALJ's decision the final decision of the Secretary, plaintiff sought judicial review in the district court. The district court affirmed.

We review the Secretary's decision to determine whether the findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996)(quotations omitted).

On appeal, plaintiff first argues that the ALJ's assessment of his credibility is not supported by substantial evidence because the ALJ failed to closely and affirmatively link his credibility findings to substantial evidence. See Kepler v. Chater, 68 F.3d 387, 391 (10th. Cir. 1995). The Secretary correctly contends that plaintiff has waived this argument because he failed to raise it in the district court. See Plaintiff's Opening Brief before the District Court, attached to his brief before this court, at 5-11. Plaintiff's contention that the ALJ failed to evaluate his subjective complaints of pain in accordance with the factors articulated in Luna v. Bowen, 834 F.2d 161, 163 (10th. Cir. 1987) is also raised for the first time on appeal. Id. "Absent compelling reasons, we do not consider arguments that were not presented to the district court." Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). As in Crow, plaintiff was represented by counsel below, and we see no reason to deviate from the general rule in this case.

Plaintiff next contends the ALJ violated his obligation under 42 U.S.C. § 423(d)(5)(B) to develop a complete medical history for at least the preceding twelve months by failing to give greater weight to the 1994 testimony of Dr. Farrar, a consulting physician who provided the only opinion that plaintiff was disabled, than to the medical evidence of plaintiff's two treating physicians in 1991 and 1992. Plaintiff's argument is without merit. The Social Security Act and regulations require, in relevant part, the ALJ to develop a complete medical

record by obtaining medical evidence from the twelve months prior to the date of plaintiff's application for benefits. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(d) and 416.912(d). Dr. Farrar's testimony was neither within that twelve-month period, nor do these provisions in any way obligate the ALJ to give greater weight to the medical evidence from that twelve-month period. Here, the ALJ appropriately considered all the relevant medical evidence, including the evidence from plaintiff's treating physicians during the twelve months preceding plaintiff's application.

Finally, plaintiff contends that the ALJ erroneously adopted the findings of Dr. Dandridge, a nonexamining, consulting physician, who found insufficient evidence to substantiate a disabling impairment and found Dr. Farrar's testimony not credible. Plaintiff contends Dr. Dandridge's testimony was insufficient to satisfy the Secretary's step-five burden. This contention misstates the ALJ's decision, which makes clear that the ALJ gave controlling weight to plaintiff's two treating physicians, not to Dr. Dandridge. The ALJ discredited Dr. Farrar's testimony because it conflicted with plaintiff's two treating physicians, neither of whom found plaintiff disabled, and because Dr. Farrar's opinion was based on vocational conclusions for which he had no expertise. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th. Cir. 1992)(it is within the province of the ALJ to weigh the medical evidence and discount it for specific

and legitimate reasons); <u>Eggleston v. Bowen</u>, 851 F.2d 1244, 1247 (10th. Cir. 1988)(ALJ may resolve conflicting medical evidence).

The medical evidence of plaintiff's treating physicians provides ample support for the ALJ's disability determination. <u>See</u> <u>Castellano v. Secretary of Health & Human Servs.</u>, 26 F.3d 1027, 1029 (10th. Cir. 1994)(Secretary makes ultimate disability determination). The reports from these physicians indicate that plaintiff had good range of shoulder motion limited only by an inability to reach above his shoulders, Appellant's App. Vol. II at 263, 374, 382, that plaintiff had normal posture and gait, though some decreased range of back motion from minor to modest degenerative changes in portions of his spine, <u>id.</u> at 382, 420, 422, and that plaintiff showed no lasting knee impairment following his surgery, <u>id.</u> at 446, 506.

Because plaintiff has not demonstrated legal error in the ALJ's analysis, and because we conclude substantial evidence exists for the ALJ's findings, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge