UNITED STATES COURT OF APPEALS

**Filed 11/21/96**

FOR THE TENTH CIRCUIT

CLARK E. CHAMBERS (now
deceased), JAMES CHAMBERS,
RONALD CHAMBERS, PHILLIP
CHAMBERS, BETH BURGAN,
GENEVA LANCE, and BARBARA
PORTER,

       Plaintiffs-Appellants,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

       Defendant-Appellee.

No.  96-5062
(D.C. No. CV-94-1013-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security.  P.L. No. 103-296.  In the text we refer to the Secretary because
she was the appropriate party at the time of the underlying administrative
decision.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,*** District Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Clark E. Chambers filed an application for social security disability benefits claiming disability due to a seizure disorder, pain in his back and neck, reduced grip strength, impaired concentration and balance, and occasional blurred vision. Claimant died after the administrative proceedings were concluded. On appeal of the Secretary's denial of benefits to the district court, claimant's siblings were substituted for claimant, pursuant to 20 C.F.R. § 404.503(b). The district court upheld the Secretary's denial of benefits, and appellants have appealed that decision to this court.

After claimant's application was denied initially, a hearing was held before an administrative law judge (ALJ). The ALJ denied benefits at step five of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748,

_____

*** Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

-2-

750-51 (10th Cir. 1988)(discussing five steps). The ALJ concluded that although claimant could not return to his past relevant work, he was able to perform medium work not requiring exposure to heights or moving machinery, or operating an automobile, and that such work existed in significant numbers in the national economy.

We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)(further quotation omitted)). We do not reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992).

The issues presented on appeal are (1) whether the ALJ was required to obtain a recent RFC evaluation to demonstrate that claimant could perform medium work, and (2) whether the ALJ improperly disregarded the evidence that claimant suffered from blurred vision and impaired concentration.

Appellants maintain that the ALJ was required to obtain a recent RFC evaluation to establish that claimant could meet the physical requirements of

-3-

medium work. They assert that the ALJ's reliance on Dr. Scott's October 1989 report, written four years before the administrative hearing in December 1993, was not probative of claimant's abilities at the time of the hearing. Although the ALJ apparently did not rely on it, the record contains a physical RFC evaluation dated December 4, 1992, and affirmed on May 27, 1993, indicating that claimant had abilities and restrictions consistent with the ALJ's conclusion. Even if the ALJ did not consider the recent RFC evaluation, however, he did not err in relying on the medical reports from Dr. Scott dated October 1989, and Dr. Martin dated January 1990, both of which released claimant to work, although Dr. Martin recommended against construction labor. There was no evidence, medical or otherwise, that claimant's condition worsened after those medical reports were prepared. See, e.g., II R. at 54 (claimant's testimony that his pain had stayed the same since the time of his back injury). The ALJ was not required to obtain another RFC evaluation because the evidence was adequate to evaluate claimant's condition. Cf. 20 C.F.R. § 404.1512(e)(where medical evidence is inadequate to determine whether claimant is disabled, additional information will be sought).

We next address the claim that the ALJ improperly disregarded the evidence that claimant's ability to work was limited by the side effects of his medication. Claimant stated that his medication impaired his concentration, and caused occasional blurred vision, but his treating physician did not indicate that it

was a chronic problem. To the contrary, the record reflects that claimant complained of side effects on one occasion, and his medication was adjusted to alleviate the problem. No further similar complaints appear in the medical records. Therefore, substantial evidence supports the ALJ's determination that claimant's ability to work was not limited by the side effects of his medication.

Appellants' remaining arguments that the ALJ substituted his own medical opinion for those of the physicians, and the ALJ based his decision solely on a lack of evidence, are without merit. Appellants' request to file a supplemental record is GRANTED. We have reviewed those materials, as well as the other volumes of the record and the parties' briefs, and we have considered appellants' arguments in light of those materials. We conclude that substantial evidence supports the determination that claimant could perform medium work not requiring exposure to heights or moving machinery, or operating an automobile, and therefore, he was not disabled within the meaning of the Social Security Act.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge