UNITED STATES COURT OF APPEALS

**Filed 12/5/96**

FOR THE TENTH CIRCUIT

OTIS W. CRANE,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-5050
(D.C. No. CV-94-651-B)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[***] District
Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. In the text we continue to refer to the
Secretary because she was the appropriate party at the time of the underlying
decision.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable John W. Lungstrum, District Judge, United States District Court
for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Otis W. Crane appeals from an order of the district court affirming the final decision of the Secretary of Health and Human Services denying his applications for social security disability and supplemental security income (SSI) benefits. Claimant contends that he has been disabled since August 1989 due to the residual effects of arthritis in his right foot and ankle, his knee, and his back, that have been exacerbated by obesity. He also claims to have mental problems and limited reading skills. The administrative law judge (ALJ) denied benefits at step five of the five-part sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step process). The ALJ determined that claimant had the residual functional capacity to perform the full range of light work limited by his inability to perform complex work and to squat, crawl, climb, or extensively use his right lower extremity. Relying on the testimony of a vocational expert that there were jobs claimant could perform, the ALJ found claimant not disabled.

The Appeals Council affirmed, making the ALJ's determination the final decision of the Secretary.

We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).

On appeal, claimant contends that the ALJ's residual functional capacity determination is not supported by substantial evidence. Specifically, he contends that the evidence does not support the finding that he can stand and/or walk for six hours out of an eight-hour workday as required to perform light work. See 20 C.F.R. § 404.1567(b); Social Security Ruling 83-10. As the district court noted, however, the ALJ's finding of nondisability is not premised solely on claimant's ability to meet the standing and walking requirements of light work.

Under § 404.1567(b), a determination that a claimant can perform light work generally means that he or she can also perform sedentary work "unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." In this case, the ALJ specifically found that claimant could perform the full range of light work subject to the limitations noted earlier.

In his decision, he also assessed claimant's ability to perform sedentary work and did not identify any limitations that would prevent him from performing sedentary work. See R. Vol. II at 46-48. At the hearing, the vocational expert identified in response to hypothetical questions a number of sedentary jobs that claimant could perform. Id. at 104-05. In concluding that there were a significant number of jobs claimant could perform and that claimant was therefore not disabled, the ALJ relied in part on the vocational expert's identification of these sedentary jobs. Id. at 45, 46, 48.

In the district court, claimant challenged the ALJ's determination that he could perform light work, but did not raise any issues regarding his ability to perform sedentary work. In his report and recommendation, which the district court adopted, the magistrate judge stated that

> the record unquestionably supports a finding that Plaintiff could perform unskilled sedentary work which the vocational expert testified existed in the economy. Accordingly, even if the finding that plaintiff can perform light work is infirm, the conclusion that he is not disabled is supported by substantial evidence.

R. Vol. I at 9. Though claimant did not include his objections to the magistrate judge's report and recommendation in the record on appeal, he apparently concedes that he did not object to this conclusion by the magistrate judge. See Appellant's Br. at 25-26; see also R. Vol. I at 13 (district court's list of claimant's objections omits any issue involving sedentary work or vocational expert's

testimony).  Generally, we do not consider on appeal issues not presented in objections to a magistrate judge's report.  Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996).  Claimant's contention that "he is within his province" to challenge on appeal the vocational expert's testimony regarding his ability to do sedentary work despite his failure to have raised this issue previously, Appellant's Br. at 25, is simply an incorrect statement of law.  See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

We conclude that claimant's ability to do sedentary work is an unchallenged alternative basis for denial of benefits that forecloses success on appeal regardless of the merits of the challenged issue.  Murrell v. Shalala, 43 F.3d 1388, 1389-90 & n. 2 (10th Cir. 1994).  We therefore need not consider whether claimant could perform the standing and walking requirements for light work.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-5-