UNITED STATES COURT OF APPEALS

**Filed 1/6/97**

FOR THE TENTH CIRCUIT

LEON HILL,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

No. 96-7046
(D.C. No. CV-95-195)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[***] District Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text we refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]   Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Leon Hill appeals from the district court's order affirming the denial of his application for supplemental security income benefits by the Secretary of Health and Human Services (Secretary). After his claim was denied administratively, a hearing was held before an administrative law judge (ALJ) who denied benefits at step four of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988)(discussing five steps). The ALJ concluded that claimant could perform his past work as a bus driver. The Appeals Council denied review. The district court adopted the magistrate judge's recommendation to uphold the Secretary's decision, and claimant now appeals to this court. We affirm.

We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir.

1996)(quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)(further quotation omitted)). We do not reweigh the evidence. <u>Hamilton v. Secretary of Health & Human Servs.</u>, 961 F.2d 1495, 1498 (10th Cir. 1992).

Claimant alleges disability due to pain in his back, chest and shoulder, numbness and weakness in his left hand and leg, memory deficits and other residuals of a mild stroke. He maintains the ALJ committed the following errors in arriving at the decision to deny him benefits: (1) the ALJ did not obtain a consultative evaluation of claimant's arm impairment, (2) the ALJ improperly evaluated claimant's credibility and failed to link the testimony to the other evidence, (3) the ALJ's evaluation of claimant's residual functional capacity was flawed, and (4) the ALJ erred in characterizing claimant's past work as light work because the Dictionary of Occupational Titles lists bus driver as medium work.

Claimant maintains that a consultative evaluation was necessary to evaluate his arm impairment. Relying on the reports of the consulting physician and the psychological tester, he claims that the evidence available to the ALJ was inadequate to ascertain the extent of his manipulative impairment. The consulting physician stated that claimant's "grip strength was <u>slightly decreased</u> on the left." Appellant's app. vol. II at 98 (emphasis added). The psychological tester noted that claimant's hands trembled significantly during the psychological testing. The ALJ did not credit as medical evidence the tester's observation that claimant's

hands trembled because the tester was not a physician, and the medical evidence did not support a finding that claimant's hands or arms were significantly impaired. The ALJ gave specific, legitimate reasons for rejecting the tester's remarks about claimant's manipulative problems. Cf. Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996)(ALJ must give specific, legitimate reasons for rejecting treating physician's opinion). Because the medical evidence from the consulting physician was adequate to evaluate claimant's condition, the ALJ was not required to obtain a consultative evaluation of claimant's arms and hands. Cf. 20 C.F.R. § 404.1512(e)(where medical evidence is inadequate to determine whether claimant is disabled, additional information will be sought).

Claimant next asserts that the ALJ improperly assessed his credibility because the ALJ failed to link his conclusion to the evidence. Claimant produced medical evidence to establish that he suffered from a pain-producing impairment; therefore, the ALJ was required to evaluate his subjective complaints of disabling pain, and to "decide whether he believe[d them]." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted). In evaluating a claimant's pain, an ALJ should consider factors such as

> the levels of medication and their effectiveness, the extensiveness of
> the attempts (medical or nonmedical) to obtain relief, the frequency
> of medical contacts, the nature of daily activities, subjective
> measures of credibility that are peculiarly within the judgment of the
> ALJ, the motivation of and relationship between the claimant and

-4-

other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Id. (quotations omitted).

Here, the ALJ considered the relevant factors, noting that the medical evidence indicated that claimant's chest pains responded to medication, he had full function of his upper extremities, he had no neurological deficits or muscle weakness, he had only mild to moderate degenerative spinal disease, and there was no evidence of considerable progressive changes in his back condition. The ALJ also noted that claimant had not required extensive medical treatment since 1986, and did not require prescription medications. In addition, the ALJ considered claimant's daily activities. Under the circumstances, we will defer to the ALJ's credibility determination. Gay v. Sullivan, 986 F.2d 1336, 1339 (10th Cir. 1993).

Next we address claimant's argument that the ALJ's evaluation of his residual functional capacity (RFC) was flawed. In addition to the arguments discussed above regarding evaluation of his manipulative impairment and his credibility, claimant asserts that the ALJ failed to point to specific evidence to support his finding that claimant retains the RFC for light work with occasional medium exertion job functions. On the contrary, the ALJ's review of the testimony and documentary evidence demonstrates substantial evidence to support the RFC determination.

Finally, we address claimant's argument that the ALJ erred in characterizing claimant's past work as light work, contrary to the classification in the Dictionary of Occupational Titles. Claimant bears the burden to show that he cannot perform his particular former job or his former occupation as generally performed throughout the national economy. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993); Social Security Ruling 82-61. The ALJ determined that claimant could perform his specific job as a bus driver. Therefore, the ALJ was not bound by the classification of bus driver in the Dictionary of Occupational Titles.

We have carefully reviewed the record and we have considered claimant's arguments in light of the record. We conclude that substantial evidence supports the determination that claimant could perform his past work as a bus driver, and therefore, he was not disabled within the meaning of the Social Security Act.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-6-