PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 4/30/96**

TENTH CIRCUIT

---

KATHRYN SOLIZ,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security,[*]

      Defendant-Appellee.

No. 95-5105

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 90-C-841-E)

---

Submitted on the briefs:

Nathan E. Barnard of Adams, Stanley & Associates, Tulsa, Oklahoma, for Plaintiff-
Appellant.

Stephen C. Lewis, United States Attorney, Phil Pinnell, Assistant U.S. Attorney, Joseph B.
Liken, Acting Chief Counsel, Tina M. Waddell, Acting Deputy Chief Counsel, Randall

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human
Services in social security cases were transferred to the Commissioner of Social Security.
P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of
Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services,
as the defendant in this action. Although we have substituted the Commissioner for the
Secretary in the caption, in the text we continue to refer to the Secretary because she was the
appropriate party at the time of the underlying decision.

Halford, Assistant Regional Counsel, Social Security Administration, Dallas, Texas, for Defendant-Appellee.

Before KELLY and BARRETT, Circuit Judges, and BROWN,[**] Senior District Judge.

---

BARRETT, Circuit Judge.

---

Plaintiff appeals the district court's order affirming the decision of the Secretary of Health and Human Services denying plaintiff's applications for disability insurance benefits and supplemental security income. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and affirm.[1]

Plaintiff claims to have been disabled since December 1987 as a result of chronic back pain, hepatitis, and depression. After conducting two hearings and reviewing the record de novo, the administrative law judge (ALJ) found that plaintiff "retains the residual physical and mental abilities to perform non stressful, supervised work of a sedentary or light nature not requiring lifting weights in excess of 20 pounds, or requiring frequent bending or lifting, and work which would enable her to sit for 50 percent of the work day." Appellant's App.,

---

[**] Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

Vol. II at 334. Because plaintiff's past relevant work had required "prolonged standing and walking, and was stressful requiring an ability to deal with the general public," the ALJ determined that plaintiff could not return to that work. Id. at 332.

Based on the testimony of a vocational expert (VE), however, the ALJ concluded that plaintiff could perform a number of light and sedentary jobs that exist in the national economy in significant numbers and, therefore, that plaintiff was not disabled. When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Secretary.

"We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

Plaintiff raises three issues on appeal. First, she argues that the Secretary failed to apply Social Security Ruling 83-12 as it relates to her need to alternate periods of sitting and standing. Second, she contends that the Secretary failed to consider her combined physical and mental impairments in determining her residual functional capacity. Finally, plaintiff argues that the Secretary failed to assess her allegations of chronic pain properly.[2]

---

[2] We note that plaintiff's brief does not comply with 10th Cir. R. 28.2, which
(continued...)

Plaintiff's first argument is based on an incomplete reading of Social Security Ruling 83-12 and is legally frivolous. Plaintiff contends that, given her need to alternate periods of sitting and standing, none of the jobs identified by the VE constitute substantial evidence supporting a conclusion of no disability, because none of those jobs were managerial or professional, and most of them were unskilled. In support of this contention, plaintiff cites to the statement in Social Security Ruling 82-13 that, while professional and managerial jobs often permit a person to alternate between sitting and standing, most jobs require a person to be in a certain place or posture for a certain length of time, and "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." S.S.R. 83-12, 1983-1991 Rulings, Soc. Sec. Rep. Serv. 36, 40 (West 1992).

Plaintiff neglects, however, to mention the very next sentence in the ruling, which states: "In cases of unusual limitation of ability to sit or stand, a VS [vocational specialist] should be consulted to clarify the implications for the occupational base." Id. As this is precisely the procedure the ALJ followed here, there was no legal error. See Kelley v. Chater, 62 F.3d 335, 338 (10th Cir. 1995).

Our review of the record reveals that plaintiff did not raise either of the remaining issues in her objections to the magistrate's report and recommendation in the district court. Our opinion in United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir.

_____

[2](...continued)
requires that the appellant's brief contain, "with respect to each issue raised on appeal, a statement as to where in the record the issue was raised and ruled upon."

4

1996), holds that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for . . . appellate review." Plaintiff's general objection that "[t]he Findings of the Secretary of Health and Human Services are not based on substantial evidence," Appellant's App., Vol. III at 19, is not sufficient to preserve the more specific issues plaintiff attempts to raise on appeal. Based upon our review of the record, we conclude that the interests of justice do not dictate lifting the bar of appellate review here. See One Parcel of Real Property, 73 F.3d at 1060-61; Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Therefore, we will deem plaintiff's remaining arguments waived and will not address them. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988)(holding that claimant's objections to two issues addressed by magistrate judge did not preserve other issues sought to be raised on appeal).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.