UNITED STATES COURT OF APPEALS
**Filed 8/29/96**
FOR THE TENTH CIRCUIT

ONETTA A. WEBSTER,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 95-5231
(D.C. No. 94-C-78-B)
(N.D. Okla. )

ORDER AND JUDGMENT[**]

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before TACHA, ALDISERT,*** and BALDOCK, Circuit Judges.****

_____

Plaintiff Onetta Webster appeals from an order of the district court affirming the Secretary's decision denying her Social Security disability benefits. Plaintiff filed an application for disability insurance benefits on July 16, 1992, alleging a disability due to right shoulder pain, neck and knee pain, weakness in her hands and dizziness. She claimed a disability onset date of October 10, 1991. Plaintiff's request for disability benefits was denied initially and on reconsideration. Following a de novo hearing on August 10, 1993, an administrative law judge (ALJ) determined that plaintiff was not disabled within the meaning of the Social Security Act and denied disability benefits.

After considering all the medical evidence, the subjective evidence and vocational expert testimony, the ALJ found that, with plaintiff's impairments, she retained the residual functional capacity to perform her past work in food preparation and as a clothing stocker. Accordingly, the ALJ concluded plaintiff is not disabled and denied benefits at step four of the controlling sequential analysis. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.

_____

*** Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

**** After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

1988)(detailing five-step analysis set out in 20 C.F.R. § 404.1520).  After the

Appeals Council denied review, making the ALJ's decision the final decision of

the Secretary, plaintiff sought judicial review in the district court.  Based upon

the report and recommendation of a magistrate judge, the district court affirmed

the Secretary's decision.

"We review the Secretary's decision to determine whether it is supported by

substantial evidence and whether the Secretary applied the correct legal standards.

Substantial evidence is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." Soliz v. Chater, 82 F.3d 373, 375 (10th Cir.

1996)(citation and quotation omitted).  We have jurisdiction pursuant to 28

U.S.C. § 1291, and we affirm.

On appeal, plaintiff first argues that there is insufficient evidence to

support the ALJ's determination that she can return to her past relevant work

because the ALJ's decision only mentions the medical evidence from the period

after the onset date of her alleged disability and does not discuss prior medical

evidence.  We find no reversible error.

All of the medical evidence plaintiff complains the ALJ failed to consider

relates to her complaints of pain and reduced range of motion in her right

shoulder which predate the alleged onset date of her disability.  The ALJ's

decision does make brief reference to this medical evidence by noting that

plaintiff had been given cortisone shots and pain medicine for her right shoulder, and had taken physical therapy for her shoulder. The ALJ's decision also states that he considered the entire record, which included the medical reports prior to plaintiff's alleged onset date.

Although the ALJ's decision does discuss the medical evidence from the period after plaintiff's alleged onset date in greater detail than earlier evidence, the later evidence demonstrated that plaintiff's shoulder complaints had been resolved and that plaintiff had sufficiently improved to return to work. Most significant, of course, are the reports from her treating physician immediately before and after plaintiff's onset date stating that plaintiff's shoulder had greatly improved, that plaintiff was making good progress and was able to return to work, but chose not to because she didn't need the income. Appellant's App. Vol. II at 122, 125. This later evidence clearly had greater probative value with respect to whether plaintiff was disabled than did earlier reports.

The ALJ's decision reflects that he reviewed all of plaintiff's medical records, even if he did not discuss in great detail the records which predate plaintiff's alleged disability onset date. Moreover, we are satisfied from our review of the record that the medical evidence prior to the alleged onset date does not contradict, and indeed supports, the ALJ's determination that plaintiff had the residual functional capacity to return to her past relevant work. Thus, we

conclude that the ALJ properly reviewed the evidence and adequately set forth the basis for his determination.

Plaintiff next contends that the ALJ's decision is not supported by substantial evidence because he only evaluated the least strenuous aspects of her past relevant work. This contention is not supported by a review of the record, which demonstrates that the ALJ fully developed the record with respect to the demands of plaintiff's past relevant work through questioning of the plaintiff and through the vocational expert's testimony, id. at 15-17, 35-37, 49-51, 92-97, and that the ALJ made an appropriate comparison of plaintiff's residual functional capacity to the demands of her past work, id. at 16-17, 50-52. The record demonstrates that plaintiff only has difficulty with overhead reaching involving her right shoulder, and the ALJ included this limitation in his questioning of the vocational expert. Id. at 50-51. The ALJ's development of the record and evaluation of the demands of plaintiff's past relevant work in the case contrasts with the decision relied upon by plaintiff, Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993), in which we found error where the ALJ took no evidence whatsoever concerning the demands of claimant's past relevant work.

Finally, we reject plaintiff's suggestion that she would have been found disabled had the ALJ performed a step five analysis because, here, the ALJ's

decision to terminate the review after finding plaintiff not disabled at step four was appropriate. See Williams, 844 F.2d at 750 (if determination can be made at any step, evaluation under subsequent steps is not necessary).

Because plaintiff has not demonstrated legal error in the ALJ's analysis, and because we conclude substantial evidence exists for the ALJ's findings, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge