UNITED STATES COURT OF APPEALS

**Filed 10/8/96**

FOR THE TENTH CIRCUIT

JOYCE LANTOW,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 95-5262
(D.C. No. 94-C-404-M)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Joyce L. Lantow appeals from the district court's order affirming the denial of her application for social security disability benefits and supplemental security income by the Secretary of Health and Human Services (Secretary). After her claim was denied administratively, claimant requested a review without a hearing by an administrative law judge (ALJ).[1] The ALJ denied benefits at step four of the five-step sequential evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988)(discussing five steps), concluding that claimant could return to her past work as a nurse's aide, cashier, real estate agent and teacher's aide. After the ALJ issued his decision, claimant submitted additional medical evidence to the Appeals Council, who considered the additional evidence, see O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994), but nevertheless denied review. The district court upheld the Secretary's decision, and claimant now appeals to this court.

---

[1] We decline to address claimant's argument that she did not give a knowing waiver of a hearing because the issue was raised for the first time in her reply brief to this court. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 724 (10th Cir. 1993).

We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)(further quotation omitted)).

Claimant alleges disability due to a heart condition, arthritis, and fibromyalgia, causing headaches, dizziness, and pain in her hands, wrists, arms, shoulders, hips, and back. The medical evidence of fibromyalgia was submitted after the ALJ's decision. The ALJ reviewed the medical evidence available to him, and concluded that her heart condition and arthritis were not disabling.

The medical evidence submitted after the ALJ's decision included the opinion of Dr. Newell, a rheumatologist, that claimant suffers from fibromyalgia, a "chronic pain syndrome of soft tissue affecting arms, chest wall, shoulders, back, hips [and] legs." Aplt. app. vol. II at 180. Dr. Newell stated that claimant's physical activity was markedly limited, that pain interferes with her sleep, and that "full time employment [is] not possible." Id. The new evidence also included the normal results of various medical tests performed on claimant.

-3-

The Appeals Council relied on the normal medical test results and the physical residual functional capacity assessment to conclude that claimant had not established that she is disabled. Because fibromyalgia, the condition afflicting claimant, is diagnosed by ruling out other diseases through medical testing, e.g., Lisa v. Secretary of Dep't of Health & Human Servs., 940 F.2d 40, 44-45 (2d Cir. 1991), negative test results or the absence of an objective medical test to diagnose the condition cannot support a conclusion that claimant does not suffer from a potentially disabling condition. Therefore, the Appeals Council's decision to reject Dr. Newell's opinion based on "minimal medical findings," aplt. app. vol. II at 4, is not supported by substantial evidence.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED to the district court with directions to remand to the Commissioner for further consideration of claimant's exertional and nonexertional impairments. We express no opinion as to the extent of any impairment, or whether claimant is or is not disabled within the meaning of the Social Security Act.

Entered for the Court

Michael R. Murphy
Circuit Judge

-4-