**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 6 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ELWOOD WALKER,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,

      Defendant-Appellee.

No. 96-6172
(D.C. No. CIV-94-1928-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Elwood Walker appeals from an order of the district court affirming the Secretary's[1] determination that he is not entitled to disability benefits. We affirm.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994)(citations and quotation omitted).

Mr. Walker claimed disability due to pain and residuals from a heart attack and resulting bypass surgery and surgeries on his hands, left hip, left knee, left foot, and back. The administrative law judge (ALJ) determined at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Mr. Walker could perform sedentary work.

On appeal, Mr. Walker contends that the ALJ's decision is not supported by substantial evidence as (1) he does not have the residual functional capacity to work; (2) no residual functional capacity evaluation is in the record; and (3) the

_____

[1] Although Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

vocational expert (VE) testified he could not work if he were having syncopal episodes and did not have good use of both of his hands. Mr. Walker also argues the ALJ failed to properly develop the record and many of the impairments the ALJ discredited were verified by the record. Finally, he asserts the ALJ failed to obtain his current records, and prior counsel failed to submit the supporting documents necessary to accompany a doctor's evaluation which was submitted to the Appeals Council.

Mr. Walker claims disability as of August 5, 1991, when he suffered a heart attack. He has not worked since that date. The record shows Mr. Walker recovered well from bypass surgery performed as a result of the heart attack. The chest pain he currently experiences was thought to be secondary to his sternotomy scar, R. Vol. II at 215, and the only lightheadedness reported was due to a combined use of certain drugs, not a disabling problem, id. at 204. Mr. Walker has many pain-producing impairments caused by earlier accidents and surgeries. However, he has worked since those conditions arose. No medical evidence shows that these conditions have worsened such as to make him unable to work.

Mr. Walker submitted a copy of a report prepared by Dr. Halstead to the Appeals Counsel for review. Dr. Halstead concluded that Mr. Walker could not "maintain regular employment of any kind." Id. at 19. The Appeals Council determined that little or no weight should be given to that report because Dr.

Halstead did not indicate whether he had examined or treated Mr. Walker and did not include any clinical or laboratory findings to support his conclusion. See e.g., Castellano, 26 F.3d at 1029 (even "[a] treating physician's opinion may be rejected if his conclusions are not supported by specific findings"). We see no error in the Appeals Counsel's decision.

Mr. Walker's remaining issues[2] are new ones not presented to the district court. We do not address new issues on appeal absent compelling reasons. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). The fact that current counsel wishes to advance arguments not proposed by prior counsel is not a compelling reason warranting our consideration of those issues. See Geyen v. Secretary of Health & Human Servs., 850 F.2d 263, 264 (5th Cir. 1988).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[2] We note that counsel has not included a copy of the brief submitted to the district court for our discernment of issues we may consider on appeal. However, as we may address only those issues to which an objection was filed to the magistrate judge's recommendation, we consider those issues objected to as the only ones properly preserved for appellate review. See Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996)(generally, we will not consider on appeal, issues not preserved in objections to the magistrate judge's report).