**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RODNEY SPROUSE,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 96-6350
(D.C. No. CIV-95-1738)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL, HENRY, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Rodney Sprouse appeals the district court's affirmance of the Commissioner of Social Security's denial of his applications for disability insurance and supplemental security income benefits. Because the single issue raised by claimant on appeal was not presented to the Appeals Council, to the district court,[1] or in the objections to the magistrate judge's recommendation, we affirm.

We review the commissioner's decision to determine whether her factual findings are supported by substantial evidence and whether correct legal standards were applied. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotation and citations omitted).

Claimant, a forty-eight year old man, initially filed for benefits on June 9, 1992, claiming disability since March 27, 1992, due to back problems and residual problems from a gunshot wound. His applications were denied initially and on reconsideration. Following a hearing at which a vocational expert testified, the ALJ found at step five of the five-step sequential process, see

---

[1] We note that counsel for claimant failed to include a copy of the brief submitted to the district court for our discernment of issues presented. Because the Commissioner argues that claimant has waived his issue on appeal, she attached a copy of claimant's district court brief to her answer brief to this court which we reviewed in deciding the waiver issue.

<u>Williams v. Bowen</u>, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five steps in detail), that claimant retained the residual functional capacity to perform a full range of light work reduced by his inability to lift more than twenty pounds occasionally or more than ten pounds frequently and his need to sit and stand intermittently.

In his request for review to the Appeals Council, claimant, for the first time, alleged that he was also impaired by depression and alcoholism. The Appeals Council granted review and remanded the case for the ALJ to consider the new evidence of mental impairment. The Appeals Council directed the ALJ to obtain additional evidence concerning claimant's mental impairment, and if warranted, to obtain a consultative mental examination.

Following a second hearing, the ALJ again denied claimant's requests for benefits, finding that, although claimant could not return to his past relevant work, he retained the residual functional capacity to perform a number of jobs identified by the vocational expert, including rental car delivery, chauffeur, and drip pumper. Claimant's request for review was denied by the Appeals Council, and this action followed.

On appeal, claimant contends that the administrative law judge erred in failing to consider the combination of his physical and mental impairments in evaluating his residual functional capacity pursuant to 20 C.F.R. §§ 404.1523,

404.1545. He did not, however, raise this argument to the district court. To the district court, claimant argued that (1) there was not substantial evidence to support the ALJ's determination that claimant could perform jobs requiring a commercial driver's license; and (2) the ALJ erred in finding that, in light of claimant's physical impairments, he would be able to perform the light exertional level jobs designated by the vocational expert. In a thorough eighteen-page report and recommendation, the magistrate judge rejected both arguments. Claimant submitted six objections to the magistrate judge's report and recommendation, but again, did not raise the issue presented here.

Absent compelling reasons, we do not consider issues raised for the first time on appeal. See Crow v. Shalala, 40 F.3d 323. 324 (10th Cir. 1994). Moreover, issues not addressed in the objections to the magistrate judge's report and recommendation are deemed waived. See Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996).

Because claimant has not presented any compelling reasons to deviate from this rule, we hold that this issue, raised for the first time to this court, has not been properly preserved for appeal. We note, however, that, even if this issue was properly before us, the Commissioner's determination that claimant can perform the work activities specified by the vocational expert is supported by substantial evidence in the record.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge