**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RONALD J. SHIELDS,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-6356
(D.C. No. CIV-95-1591-A)
(W.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

[*]      Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Shirley S. Chater, former Commissioner of Social Security, as the defendant in this action.

[**]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Ronald Shields appeals from the district court's order affirming the decision of the Commissioner of Social Security denying him disability benefits. We have jurisdiction pursuant to 42 U.S.C. § 405(g) and we affirm.

## I. Background

Claimant is an insulin-dependent diabetic. He filed his application for disability benefits on February 1, 1993, alleging disability as of December 4, 1992, due to complications of diabetes and a mental impairment. At his hearing before an Administrative Law Judge (ALJ) on July 12, 1994, claimant, who was represented by counsel, complained of fatigue, weakness, an inability to sleep, lower extremity pain and cramping, memory loss, blurry vision, hearing loss, sour stomach, depression, and fainting spells. See II Appellant's App. at 256, 258-59, 260, 261-64, 265, 276-277. Claimant testified that he could sit for only 30 minutes at a time and for a total of only two hours in an eight-hour day, that he could stand for only 10 to 15 minutes at a time and for a total of only 30 minutes in an eight-hour day, that he would be "lucky to walk a block," and that he could lift "[f]ive or ten pounds at the most." See id. at 258-59.

-2-

Following the hearing, the ALJ determined that claimant was precluded from returning to his past work (categorized as medium and semi-skilled), but found that he retained the residual functional capacity (RFC)

> to perform the physical exertion and nonexertional requirements of work except for the inability to engage in the exertional demands of medium, heavy, and very heavy work; the need to alternatively sit and either stand or walk every 30 minutes; the inability to lift and carry more than 10 pounds; the inability to walk more than one block at a time; [and] the need to engage in an occupation involving only simple one and two-step instructions.

Id. at 17. The ALJ further found that "[t]he claimant's [RFC] for the full range of sedentary work [was] reduced by limitations on sitting, standing, walking, lifting, and carrying and the need to engage in an occupation involving only simple one and two step instructions." Id. At the hearing, the ALJ received testimony from a vocational expert (VE) that, notwithstanding claimant's limitations,[1] there were a significant number of sedentary unskilled jobs in the national economy that he could perform. On the basis of this testimony, the ALJ found claimant not disabled at step five of the sequential evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

_____

[1] In questioning the vocational expert, the ALJ included in his series of hypotheticals all the limitations set forth in his RFC determination, as well as the inability to stand for more than 15 minutes at a time and 30 minutes total in an eight-hour day, very poor memory, poor judgment, "often" "deficiencies of concentration, persistence, or pace," one or two past "episodes of deterioration" in mental capacity, depression, anxiety, and an adjustment disorder with mixed emotional features. See II Appellant's App. at 268, 271-72.

## II. Discussion

### A. Issues Not Properly Preserved

Claimant claims to raise two issues on appeal, but actually raises four. Furthermore, our review of the record reveals that two of the four issues have not been properly preserved for appellate review. Claimant's representations to the contrary in his brief appear disingenuous at best. Claimant's contention that the ALJ's credibility determination is not explicitly and adequately linked to substantial evidence was not included in claimant's objections to the magistrate's report and recommendation. See Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996) (issues waived if not specifically raised in objections to magistrate's report and recommendation). Claimant's contention that the Appeals Council failed to satisfy some sort of "an expanded duty" to "see that the record was more fully developed," imposed upon it by the new evidence presented to it, Appellant's Br. at 22, was raised for the first time in claimant's objections to the magistrate's report and recommendation. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). We find no reason on this record to lift the bar to appellate review.

## B. Issues on Appeal

The issues which have been preserved for review both revolve around the absence in the record of a medical assessment of claimant's physical RFC.[2] Claimant contends (1) that the ALJ failed in his duty to develop the record by his failure to order a consultative examination on the issue of RFC, and (2) that the Commissioner's step five determination is not supported by substantial evidence without it. We disagree on both counts. In this case, the ALJ accepted all of the functional limitations to which claimant testified, except his purported inability to sit more than two hours total in an eight-hour day and any limitations as a result of his claimed episodic blurry vision, hearing loss, and fainting spells. Without exception, plaintiff presented no objective medical evidence to support these limitations, and thus consultative examinations to explore those issues were not required. See Hawkins v. Chater, ___ F.3d ___, No. 96-5110, 1997 WL 249150, at *4 (10th Cir. May 13, 1997); Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990).

---

[2] The record includes a Mental Residual Functional Capacity Assessment, as well as the appropriate Psychiatric Review Technique (PRT) forms and the report of a consultative mental status examination conducted in March of 1993. The ALJ included all of the impairments and limitations identified in those documents in the required PRT attached to his opinion and in his series of hypotheticals to the VE.

Our conclusion that consultative examinations were not required in this case is further buttressed by the fact that claimant's attorney never requested such examinations or indicated in any way (except with respect to claimant's visual acuity) that further development of the record might be in order. Even with respect to claimant's visual acuity, counsel asked only for an opportunity to "check into" the situation himself, noting claimant's reference at the hearing to having had a recent eye test. See II Appellant's App. at 277-78. Notwithstanding the fact that the ALJ agreed to leave the record open for a week, there is no eye test in the record, nor any communication from counsel as to the results of his investigation and/or the need for further development of the record. This court has recently indicated that "in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development. In the absence of such a request by counsel, we will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record." Hawkins, 1997 WL 249150, at *5 (citation omitted).

As for claimant's contention that the step five determination of nondisability is not supported by substantial evidence, again we disagree. "It is beyond dispute that the burden to prove disability in a social security case is on the claimant." Id. at *1. This means that a claimant has to furnish evidence not only about his or her medical impairment, but (if material to the disability

determination, as it is here) the impairment's "effect on [his or her] ability to work on a sustained basis." 20 C.F.R. § 404.1512(a) (1996). Claimant is correct that, once he demonstrated that he could not perform his past work, the burden was on the Commissioner to prove that he retained the RFC to do other work that exists in the national economy. See Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). This burden is satisfied if the Commissioner's decision is supported by substantial evidence. See id.

Here, the ALJ's RFC determination was based on a consultative mental status examination, a mental RFC assessment incorporated into the required PRT form, claimant's own testimony, and a medical record that "failed to reflect the existence of diabetes of sufficient severity to preclude the claimant from engaging in work activity within the parameters of [the ALJ's RFC determination]," II Appellant's App. at 16. As indicated above, the ALJ did not accept all of the limitations to which claimant testified. He considered them, however, and discounted their significance because of the lack of objective corroborative evidence in the record, which was his prerogative. See Diaz, 898 F.2d at 777. We cannot say his decision is unsupported by substantial evidence.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge