**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROGER M. THREATT,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-6039
(D.C. No. CIV-96-402-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for John J. Callahan, former Acting Commissioner of Social Security, as the defendant in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Roger Threatt appeals from the district court's order affirming the Commissioner's decision denying his claim for disability insurance benefits at step five of the five-part process for determining disability, see 20 C.F.R. § 404.1520. Through an administrative law judge (ALJ), the Commissioner found that claimant could perform the full range of light work limited by the need to avoid repetitive stooping, lifting, or climbing and prolonged sitting or standing. The only issue properly before us on appeal is whether the Commissioner erred in concluding that claimant did not have a significant limitation in his ability to reach and then compounded the error by failing to pose a hypothetical question containing such a limitation to the vocational expert.[1] We review the Commissioner's decision to determine whether factual findings are supported by substantial evidence and whether correct legal standards were applied. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

Claimant contends that two pieces of evidence--a report by Dr. Bradley, who treated claimant from November 1990 to February 1991, and a functional capacity assessment by an occupational health evaluator--identified his inability

---

[1]    Claimant also contends on appeal that the ALJ failed to recognize his limitation in twisting and rotating, but he did not raise this issue in his objections to the magistrate judge's report and recommendation. He therefore failed to preserve this issue for appeal. See Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996).

to reach as a significant limitation. He also contends that the ALJ erred by relying on the fact that neither Dr. Bradley nor Dr. Rosacker, who had treated claimant from April 1989 to August 1993, identified any limitation in claimant's ability to reach to counter what he contends is contrary evidence.

Dr. Bradley had checked a box on a "physical capacities form" indicating that claimant could reach only occasionally. However, on the same form, he also checked boxes indicating that claimant had no restrictions in using his hands for repetitive movements including grasping, pushing and pulling, and fine manipulation, and Dr. Bradley released claimant for full-time work without further limitation or comment regarding claimant's ability to reach. Moreover, as the ALJ noted, none of Dr. Bradley's narrative reports noted any limitation in claimant's ability to reach.

Based on tests performed in August 1989 (which the ALJ misidentified as being done in August 1991), an occupational health evaluator found claimant's ability to work limited due to "difficulty with reaching across to left of midline repetitively or over shoulder height, or below waist." Appellant's App. Vol. II at 197. However, the evaluator concluded that, despite these and other limitations not relevant here, claimant "should now be able to secure work as a bench repairman or assembler with sedentary to light physical demands." Id. Additionally, an assessment by the same occupational health center in November

1991 did not identify any limitations on claimant's ability to reach and concluded that claimant's "observed performance places him within the light work level category." Id. at 190.

In his decision, the ALJ found that claimant had "no limitations in normal reaching," which he indicated was "within arm's reach." Id. at 41. This finding is supported by substantial evidence. We reject claimant's contention that the ALJ improperly used the absence of evidence as evidence when he relied on the fact that in their narrative reports, neither Dr. Bradley nor Dr. Rosacker identified any limitation in claimant's ability to reach. There was minimal evidence that claimant's ability to reach was limited, and the fact that claimant's treating physicians never identified any such limitation in their extensive narrative reports covering a four-year period is significant and probative. Moreover, to the extent the ALJ's decision can be read as finding claimant was limited by an inability to do "abnormal" reaching, that limitation was appropriately considered during questioning of the vocational expert. The vocational expert testified, consistent with the occupational health evaluator's assessment, that with an ability to reach "within the normal arm's length span as one sits at a work site," there were a variety of jobs claimant could perform. See id. at 41, 78.

We conclude that the ALJ's finding regarding claimant's ability to reach and its effect on his ability to work is supported by substantial evidence. The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge