**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**JAN 5 1999**

**PATRICK FISHER**
**Clerk**

GERALD L. FUSELIER,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,   *

      Defendant-Appellee.

No. 98-5027
(D.C. No. 96-CV-1074-J)
(N.D. Okla.)

**ORDER AND JUDGMENT**  **

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

---

\*     Pursuant to Fed. R. App. P. 43(c)(2), Kenneth S. Apfel is substituted for John J. Callahan, former Acting Commissioner of Social Security, as the defendant in this action.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Gerald L. Fuselier appeals the district court's order affirming the Commissioner's decision to deny his application for supplemental security income and disability benefits.[1] He alleges disability since July 14, 1992, due to pain in his lower back, hip joints, thighs and knees, as well as high blood pressure which causes dizziness and headaches, and disabling pain. The Commissioner determined that although claimant could not perform his past work, he retained the residual functional capacity (RFC) to perform a significant number of alternate jobs available in the national economy, and denied benefits at step five of the five-step evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps). On appeal, claimant contends (1) the Commissioner's RFC determination is not supported by substantial evidence, and (2) the vocational expert's testimony does not support the conclusion that claimant has the capacity to perform a significant number of alternate jobs. We affirm.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997).

---

[1] The parties proceeded before a magistrate judge. See 28 U.S.C. § 636. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1 (G). The case is therefore ordered submitted without oral argument.

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the denial of benefits for substantially the reasons stated in the magistrate judge's January 14, 1998 order.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge