**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LARRY L. PHILLIPS,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

       Defendant-Appellee.

No. 98-7112
(D.C. No. 97-CV-203-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Larry L. Phillips appeals the district court's order affirming the Commissioner's decision to deny his application for social security disability benefits and supplemental security income benefits. He claims disability since October 8, 1992, due to back impairments, pain in his back, neck, legs, hands and feet, depression, personality disorders, and chronic obstructive pulmonary disease. Claimant's case was remanded for additional findings after an Administrative Law Judge (ALJ) denied benefits. Following a second administrative hearing, a different ALJ denied benefits. Claimant submitted additional psychological evidence which was considered by the Appeals Council. The Commissioner then determined at step five of the five-step analysis, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps), that claimant could perform a limited number of sedentary jobs that exist in significant numbers in the national and local economies, and therefore, he was not disabled within the meaning of the Social Security Act. On appeal, claimant contends that substantial evidence does not support the Commissioner's determination and the ALJ did not pose a proper hypothetical question to the vocational expert witness.

We review the Commissioner's decision to determine whether it is supported by substantial evidence in the entire record and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Claimant argues that the Commissioner's decision is not based on substantial evidence in the record as a whole. He first alleges that the ALJ erred in evaluating claimant's credibility as it related to allegations of disabling pain. He claims that the ALJ failed to consider appropriate factors in evaluating his pain allegations. The record reflects, however, that the ALJ considered the following factors in evaluating claimant's pain: minimal objective medical findings, his daily activities, his abilities to drive and walk, his pain medications, the absence of other methods to alleviate pain, and his infrequent medical visits. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (listing factors to consider when evaluating pain claim). The ALJ then linked his finding that claimant's pain was not disabling to the evidence. See id. The ALJ properly evaluated claimant's credibility as it related to his allegations of disabling pain. We find no reason to deviate from the general rule that credibility determinations are within the province of the ALJ when supported by substantial evidence. See id.

Claimant next alleges that the ALJ improperly disregarded the opinions of Dr. Pennington. The ALJ properly discounted Dr. Pennington's conclusory remarks because they were not based on any objective tests or other medical procedures. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) ("A treating physician's opinion may be rejected if his conclusions are not supported by specific findings."). The ALJ provided "specific, legitimate reasons" for rejecting Dr. Pennington's statements. See Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quotation omitted). Claimant's purported authority for his argument that the Commissioner was required to contact Dr. Pennington to ascertain whether he did, in fact, perform any medical tests does not impose such a requirement. See Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1983).

Claimant further contends that the ALJ improperly evaluated his mental impairments. He charges that the ALJ did not explain why he concluded that claimant "did not suffer from any mental symptoms." Appellant's Br. at 32. The ALJ did not conclude that claimant did not suffer from mental symptoms; rather, he found that claimant could perform a limited range of sedentary work despite his mental impairments, a finding that is supported by substantial evidence.

Claimant also alleges error because the ALJ did not discuss the reports from Carl Albert Mental Health Clinic, even though those reports were not issued

until after the ALJ's decision. The reports were considered by the Appeals Council which determined that the new evidence did not provide a basis for changing the ALJ's decision. Evidence presented to the Appeals Council is considered only to the extent that it is new, material and relevant to the pertinent time period. See 20 C.F.R. §§ 404.970(b), 416.1470(b); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994). Here, the new evidence does not require a change in the ALJ's determination because it "remains supported by substantial evidence." O'Dell, 44 F.3d at 859. The ALJ accepted claimant's allegations that he suffered from mental impairments. The new evidence is further evidence of those impairments, but it does not contradict the ALJ's conclusions. Based on a review of the administrative record, we conclude that substantial evidence supports the Commissioner's determination that claimant is not disabled within the meaning of the Social Security Act.

For his second argument on appeal, claimant asserts that the ALJ erred by failing to pose a proper hypothetical question to the vocational expert (VE). He claims the hypothetical question on which the VE based his opinion did not include all of his mental impairments and, therefore, did not correctly reflect his limitations. Our review of the record reveals that the hypothetical question posed by the ALJ included the limitations relevant to the unskilled, sedentary employment which the ALJ found claimant could perform. The ALJ was not

required to include further restrictions that were not supported by substantial evidence.  See Gay v. Sullivan , 986 F.2d 1336, 1341 (10th Cir. 1993).  Therefore, the hypothetical question was proper.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge