**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DENNIS ARROYO,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 99-4060
(D.C. No. 97-CV-32-C)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Dennis Arroyo appeals the judgment of the district court affirming the decision of the Commissioner of Social Security to deny his application for Disability Insurance Benefits and Supplemental Security Income payments. Because we find the decision of the Administrative Law Judge (ALJ) to be supported by substantial evidence and to be a correct application of the law, we affirm.

Claimant alleged disability due to back pain and depression. The ALJ concluded that claimant could perform his past relevant work as a lineage auditor for a newspaper and, alternatively, that there were other jobs in the economy that claimant could perform. Claimant disputes this conclusion, arguing that the ALJ's decision is contrary to the medical record, that the Psychiatric Review Technique form (PRT) completed by the ALJ did not comport with the mental health evidence, and that the hypotheticals posed to the vocational expert were deficient. [1]

Claimant points to the numerous instances in the record establishing the presence of severe depression and implies that such evidence, by itself, demonstrates the error in the ALJ's decision. This conclusion, however, is

---

[1] To the extent claimant raises other issues in his brief, those issues will not be addressed on appeal because claimant failed to include them in his objections to the report and recommendation of the magistrate judge. *See Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996).

incorrect.  The ALJ did not overlook the evidence of claimant's severe depression; on the contrary he found, at step two of the traditional sequential evaluation process, that claimant's depression was, indeed, a severe impairment. *See* Claimant's App. at 137.  That conclusion by itself, however, is insufficient to establish that claimant is disabled.  An impairment will only be disabling if it is of such a severity and causes such functional disruption that a claimant is prevented from engaging in substantial gainful employment.        *See Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988)    .  There is no evidence in this record establishing that claimant is either unable to return to his past relevant work or unable to work at other appropriate jobs in the economy.        *See id.* at 301 (noting that "mere fact that [claimant] was diagnosed as suffering from major depression does not automatically mean that he is disabled").

There is scant evidence alluding to a functional component to claimant's depression.  Ms. Carmen Boutet, LCSW, who had provided psychiatric counseling to claimant, wrote in a letter to claimant's attorney that "[i]t is hoped that Mr. Arroyo [sic] case can arrive at a decision on his behalf since it is felt that he would be unable to find gainful employment under his present condition.  There may be some medical considerations that in the future with some financial means Mr. Arroyo could return to work."  Claimant's App. at 369.  Apart from the rather cryptic nature of this comment, the ALJ was within his prerogative to ignore it

because of its brevity, conclusory nature, and dearth of medical evidentiary support. *See Bernal*, 851 F.2d at 301. The same flaw infects Ms. Boutet's earlier comment that claimant "is unable to seek employment at this point due to his depressed mood and constant back pain." Claimant's App. at 329.

The final piece of evidence going to claimant's inability to work is a comment from Dr. Edgar Collins, M.D., a non-examining physician hired by claimant to review his records after the ALJ's unfavorable decision. Dr. Collins concluded that claimant's "combination of mood, anxiety, and somatoform disorders along with significant personality disorders would severely limit his ability to be productive in gainful employment. More specifically his engrossment on personal issues all but precludes and overshadows nearly all other activities." *Id.* at 373.

The Appeals Council reviewed this opinion but concluded that it did not detract from the decision of the ALJ. As mentioned earlier, no treating physician had ever concluded that claimant was prevented by his depression from working. The Commissioner was within his discretion to disregard this opinion. "[T]he opinions of physicians who have seen a claimant over a period of time for purposes of treatment are given more weight over the views of consulting physicians or those who only review the medical records and never examine the

-4-

claimant." *Williams v. Bowen*, 844 F.2d 748, 757 (10th Cir. 1988) (citing *Talbot v. Heckler*, 814 F.2d 1456, 1463 (10th Cir. 1987)).

Claimant next argues that the PRT executed by the ALJ did not comport with the mental health evidence. [2] On the contrary, there is substantial evidence in the record that claimant's level of impairment was accurately determined by the ALJ. *See* Claimant's App. at 245 (claimant alert and responsive; responses prompt, generally relevant and coherent); *id.* at 254 (normal thought process and thought content); *id.* at 275-76 (pleasant, relaxed behavior, able to perform activities of daily living, good communication and interpersonal skills, oriented, able to concentrate and follow instructions); *id.* at 328 (memory intact, clear thinking); *id.* at 335 (good memory, sensorium clear, well oriented, fund of information excellent, judgment and insight good, rational and coherent thought process, excellent performance with abstract similarities and good performance with proverb interpretation). Given this evidence, the ALJ's conclusions on the PRT were supported by substantial evidence and any error made by the ALJ in

---

[2]     The PRT completed by the ALJ indicates claimant suffers from affective disorder characterized by depression and a personality disorder characterized by "[p]athological dependence, passivity, or aggressivity." Claimant's App. at 147-48. As for the functional limitations (the Part B Criteria), the ALJ concluded that claimant was only slightly restricted in activities of daily living; had only slight difficulties in maintaining social functioning; seldom experienced deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner, and never experienced episodes of deterioration or decompensation in work or work-like settings. *See id.* at 149.

failing to explicitly relate the evidence in the record to his conclusions on the PRT is harmless. *See Bernal*, 851 F.2d at 302.

Finally, claimant takes exception to the hypothetical posed to the vocational expert which subsumed the conclusions found by the ALJ on the PRT. The vocational expert replied that those limitations would not impact claimant's ability to do the jobs he had identified and further concluded that, even had claimant's limitations been "moderate," as opposed to the "slight" effect identified by the ALJ, claimant could still perform jobs in the national economy. *See* Claimant's App. at 411. The ALJ is only required to pose hypotheticals that adequately reflect the nature and severity of a claimant's impairments. *See Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). Because the conclusions recorded on the PRT were supported by substantial evidence, the structuring of hypotheticals based on those conclusions was not erroneous.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-6-