F I L E D
United States Court of Appeals
Tenth Circuit

FEB 7 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LINDA S. THOMPSON,

　　　　　Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

　　　　　Defendant-Appellee.

No. 99-7065
(D.C. No. 98-CV-287-S)
(E.D. Okla.)

ORDER AND JUDGMENT  *

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

　　　　　After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

\*　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Linda S. Thompson appeals the district court's order affirming the Commissioner's decision to deny her application for disability and supplemental security income benefits. Four administrative hearings were held, in part as a result of remands by the Appeals Council and this court, see Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1993). Following the fourth hearing, an administrative law judge (ALJ) determined at step five of the five-step analysis, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps), that claimant could not perform her past work, but that she could perform a full range of sedentary work. Accordingly, the Commissioner determined that claimant was not disabled within the meaning of the Social Security Act.

On appeal, claimant contends that the ALJ's finding that she did not have a significant mental impairment was not supported by the record, and the ALJ improperly relied on the Medical-Vocational Guidelines (grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 201.18, 201.19. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375

(10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)).  We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner.  See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Claimant contends that the ALJ failed to consider her mental impairments and their effect on her ability to work.  She relies on the opinion of Randy L. Crittenden, Ph.D., that she was functioning at a borderline intellectual level and was suffering from a somataform disorder.  According to claimant, the ALJ's written decision must be set aside because it did not comply with the requirements to evaluate a mental impairment.  See Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir. 1995) ("When there is evidence of a mental impairment that allegedly prevents a claimant from working, the [Commissioner] must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. §§ 404.1520a[, 416.920a] and the Listing of Impairments and document the procedure accordingly."); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994) (record must contain competent evidence to support ALJ's conclusions on psychiatric review technique form and ALJ must discuss evidence on which he relied to reach conclusions recorded on form).

Dr. Crittenden's primary diagnosis was "[m]alingering (on formal testing)." Appellant's App., Vol. II, part 2, at 372.  Claimant's IQ results were, therefore,

invalid, as were her Digit Span test results, vocabulary score, and WRAT III results. See id. Dr. Crittenden found no signs of a "significant mood disorder, anxiety, depression[,] peculiar verbalizations, p[]overty of content, flat affect, psychotic processing or paranoid ideation." Id. The diagnosis of a moderate somataform disorder was based on claimant's "preoccupation with her physical complaints" even though "no significant objective findings in regard to test behaviors was supportive of these statements." Id.

The ALJ discussed in his decision the evidence relating to claimant's mental impairments and explained his reasons for concluding that claimant did not have a severe mental or emotional impairment. He completed a psychiatric review technique form and appended it to his decision. Therefore, contrary to claimant's allegation that the ALJ failed to consider her mental impairments, the record reflects that he did consider them and found that they were not severe. This conclusion is supported by substantial evidence.

For her second argument, claimant asserts that the ALJ erred in relying on the grids to find that she was not disabled. She complains that even though the ALJ elicited testimony from a vocational expert, the evidence of her mental impairments was produced later, thereby depriving the vocational expert of an opportunity to incorporate claimant's mental impairments into his opinion. The ALJ's reliance on the grids was proper because he determined that claimant's

mental impairments did not limit her ability to work.  See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1030 (10th Cir. 1994).  Furthermore, for the same reason, even if the evidence of mental impairments had been available for the vocational expert's consideration, the ALJ would not have been required to include it in his hypothetical question.  Cf. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993) (hypothetical question to vocational expert must include only those impairments ALJ finds credible).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties.  Applying the standards set out above, we determine that substantial evidence supports the Commissioner's decision to deny claimant's application for disability and supplemental security income benefits.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge