**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

OLLIE J. SEGOVIA,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE[*],
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 05-7008
(D.C. No. 03-CV-678-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

Ollie Segovia appeals the district court's order affirming the

Commissioner's denial of her application for Social Security disability and

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for Jo Anne B. Barnhart as appellee in this action.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supplemental security income benefits. We have jurisdiction under 42 U.S.C.

§ 405(g) and 28 U.S.C. § 1291. We AFFIRM.

I

On November 28, 2001, Ms. Segovia applied for Social Security benefits.

She alleged that she became disabled as of November 19, 2001, due to pain in her

hands, back, neck, and knees. After a hearing, the ALJ assessed Ms. Segovia

with the residual functional capacity (RFC)

> to perform a light level of work with frequently lifting and carrying
> up to 10 pounds, and occasionally carrying not more than 20 pounds.
> However, the claimant's residual functional capacity is limited by
> only occasional fingering and overhead reaching. She should only
> occasionally push and/or pull with her upper and lower extremities;
> and stoop, crouch, kneel, and crawl not more than occasionally. Her
> capacity is further limited by occasional climbing of stairs, however,
> no climbing of ropes, ladders, or scaffolds.

Aplt. App. at 23. He determined that Ms. Segovia's RFC did not allow her to

perform any of her past relevant work. Based on testimony from a vocational

expert (VE), he then determined that Ms. Segovia could perform the jobs of ticket

taker, usher, and cafeteria attendant, which existed in significant numbers in the

national and local economies. Thus, he denied Ms. Segovia's application for

benefits. The Appeals Council denied her request for review.

In the district court, the magistrate judge indicated that Ms. Segovia's

limitations of only occasional fingering and overhead reaching may conflict with

the listings for ticket taker and cafeteria attendant in the *Dictionary of*

*Occupational Titles* (4th ed. 1991) (*DOT*) and *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993) (*SCO*). He held, however, that she could work as an usher and that usher jobs existed in significant numbers. Because he determined that the Commissioner's decision was supported by substantial evidence and that the Commissioner applied the correct legal standards, he recommended the district court affirm the denial of benefits. The district court adopted the recommendation, and Ms. Segovia appeals.

## II

On appeal, Ms. Segovia raises the three issues she raised in the district court: (1) the VE's testimony differed, without explanation, from the specifications of the *DOT*; (2) the ALJ improperly assessed her credibility; and (3) the ALJ disregarded her treating physicians' opinions about her condition. "We review the commissioner's decision only to determine whether substantial evidence supports that decision and whether the applicable legal standards were applied correctly." *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

## A.

Ms. Segovia first contends that the VE's testimony conflicts with the *DOT* because the descriptions in the *DOT* and the *SCO* for ticket taker, usher, and cafeteria attendant require fingering and reaching capabilities that are beyond her assessed RFC. As part of this argument, she contends there are not significant

numbers of usher positions in the economy. The Commissioner argues that Ms. Segovia waived her usher-related arguments because (1) she did not object to the magistrate judge's finding that she could perform the usher job and (2) she did not argue that the usher job does not exist in significant numbers until she filed her objections to the magistrate judge's findings and recommendations. The Commissioner also submits that Ms. Segovia's RFC permits her to perform the ticket-taker and cafeteria-attendant jobs.

As the Commissioner argues, "[t]his court has adopted a firm waiver rule which provides that a litigant's failure to file timely objections to a magistrate's report and recommendation waives appellate review of both the factual and legal determinations." *Key Energy Res. Inc. v. Merrill (In re Key Energy Res. Inc.)*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000) (quotation and brackets omitted); *see also Soliz v. Chater*, 82 F.3d 373, 375-76 (10th Cir. 1996) (applying firm waiver rule in Social Security case). It is immaterial whether Ms. Segovia waived her ability to argue whether she can perform the usher job, however, because the result is the same. The record supports the Commissioner's decision that Ms. Segovia can perform the usher job. Specifically, the *SCO* states the position requires only occasional fingering and occasional reaching, which limitations are consistent with Ms. Segovia's RFC. *See SCO* § 09.05.08; Aplt. App. at 442-43.

The next question is whether Ms. Segovia waived the argument that usher jobs do not exist in significant numbers because she did not discuss the point until

-4-

she filed her objections. Generally, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). In this case, we are not convinced that Ms. Segovia had reason to argue whether any one of the positions existed in significant numbers until the magistrate judge raised the issue, and thus we decline to find this issue waived.

The district court held there was a significant number of usher jobs. The record, however, actually is unclear as to the number of usher jobs, as the VE testified that there were 350 usher *and* ticket-taker jobs in Oklahoma and 32,000 nationally. He did not separately identify how many of the 350 (or 32,000) jobs were ushers and how many were ticket takers. In any event, even if the record did establish the number of usher jobs available, this court has held that it is inappropriate for the federal courts to determine in the first instance whether a particular number of jobs is a significant number. *See Allen v. Barnhart*, 357 F.3d 1140, 1144-45 (10th Cir. 2004). The lack of record evidence and *Allen* indicate that the district court erred in affirming the Commissioner's decision based solely on Ms. Segovia's ability to do the usher job.

This determination, however, does not require remand of this proceeding. Our task in Social Security proceedings is to determine whether substantial evidence supports the Commissioner's decision. *See, e.g., Shepherd*, 184 F.3d at 1199. The record in this case meets the substantial-evidence standard. Both the

ticket-taker and cafeteria-attendant positions require only occasional fingering, consistent with Ms. Segovia's RFC. *See SCO* §§ 09.05.02, 09.05.08; Aplt. App. at 439, 447. Both positions require "frequent" reaching, *see SCO* §§ 09.05.02, 09.05.08; Aplt. App. at 439, 446, while Ms. Segovia is limited to occasional overhead reaching. For purposes of the *SCO*, however, "reaching" is defined as "[e]xtending hand(s) and arm(s) *in any direction*." SCO at C-3 (emphasis added). The *SCO* does not separately classify overhead reaching. Thus, under the *SCO*, even a job requiring frequent reaching does not necessarily require more than occasional *overhead* reaching. The VE was aware of Ms. Segovia's limitations on overhead reaching, and he testified both that she could perform the jobs he identified and that his opinion of the jobs open to her was consistent with the *DOT*'s specifications. Aplt. App. at 391-92, 395. In these circumstances, the VE's testimony does not conflict with the *DOT* and *SCO* so much as it clarifies how their broad categorizations apply to this specific case. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) ("To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the *DOT* in this case, . . . the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so. . . . [A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation."). Further, the *DOT* descriptions for cafeteria attendant and ticket taker do not indicate that these jobs

predominantly involve overhead reaching rather than other types of reaching. *See DOT* §§ 311.677-010, 344.667-010; Aplt. App. at 437, 445.

In sum, the VE's testimony that Ms. Segovia could perform the jobs of ticket taker, usher, and cafeteria attendant constitutes substantial evidence supporting the Commissioner's decision to deny benefits.

## B.

Ms. Segovia's remaining arguments concerning credibility and her treating physicians' opinions come under our firm waiver rule. Ms. Segovia's objection to the magistrate judge's findings and recommendations regarding these arguments was conclusory and non-specific. Such statements are insufficient: "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also Soliz*, 82 F.3d at 375-76 (finding general objection "not sufficient to preserve the more specific issues plaintiff attempts to raise on appeal"); Fed. R. Civ. P. 72(b) (requiring a party to file "specific" objections). While the firm waiver rule does not apply when the interests of justice require review, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005), Ms. Segovia has offered no justification for invoking this exception to the rule and none affirmatively appears from the circumstances of record. Thus, we decline to consider her

arguments about the ALJ's credibility determinations and his evaluation of her treating physicians' opinions.

III

The judgment of the district court is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge