**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID WEBB,

     Plaintiff - Appellant,

v.

TERRY L. THOMPSON; KEVIN
MCCLEOD; KEVIN BURTON; FNU
WEST; FNU JOHNSON; FNU GATES;
FNU FLATT; JON J. GREINER;
TIMOTHY SCOTT; FNU MURRAY,

     Defendants - Appellees.

No. 17-4048
(D.C. No. 1:11-CV-00128-DN-EJF)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]
_____

     Plaintiff-Appellant David Webb, appearing pro se, appeals from the dismissal

of his case following his entry into a settlement agreement with Defendants -

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Appellees after our remand in Webb v. Scott, 643 F. App'x 711 (10th Cir. 2016) (unpublished). The parties are familiar with the facts and we need not restate them here other than to say that two groups of defendants, the Ogden City defendants and the Weber County defendants, settled with Mr. Webb after a settlement conference conducted by a magistrate judge. Mr. Webb was represented by pro bono counsel and signed a release of claims. The district court granted a motion to enforce the settlement agreement, dismissed all claims against the two groups of defendants, and entered a final judgment.

On appeal, Mr. Webb argues that he should not be bound by the settlement agreement because of fraud by the parties and their attorneys and because he was pressured to settle. He also seeks to reopen the district court's grant of summary judgment in favor of the Ogden defendants, which was certified as final and ultimately resulted in our remand order.

Mr. Webb did not timely respond to the Ogden City defendants' motion to enforce the settlement agreement and the district court granted it. See DUCiv R 7-1(d). Although he later argued that the district court lacked jurisdiction because he filed a notice of appeal, that contention is plainly without merit; a non-appealable order does not divest the district court of jurisdiction.

We evaluate the enforcement of a settlement agreement for an abuse of discretion. United States v. Hardage, 982 F.2d 1491, 1495 (10th Cir. 1993). We find no abuse of discretion here. The magistrate judge held a settlement conference, Mr. Webb, represented by appointed counsel, agreed to the settlement terms, signed a

2

release, and the terms of the settlement agreement were placed on the record. Mr. Webb apparently changed his mind thereafter. Counsel circulated a proposed order dismissing all claims with prejudice. Not surprisingly, the Ogden City defendants moved to enforce the settlement agreement attaching Mr. Webb's notice of appeal and the claims that he makes here in one form or another.

AFFIRMED. Mr. Webb's July 5, 2017 motion is denied. The Ogden City and Weber County defendants' motions for costs and attorney's fees are granted. Fed. R. App. P. 38. The matter is remanded to the district court for determining those costs and fees.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
